UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
                                                      :
CARLOS CARRION,
                                                      :    **OPINION AND ORDER**
               Petitioner,
                                                      :    04 Civ. 1034 (SAS)
       -against-
                                                      :
JOSEPH T. SMITH, Superintendent of
Shawangunk Correctional Facility,                     :

               Respondent.                            :

------------------------------------------------------X
**SHIRA A. SCHEINDLIN, U.S.D.J.:**

## I. INTRODUCTION

Petitioner Carlos Carrion was convicted, after a jury trial, of one count of Criminal Possession of a Controlled Substance in the First Degree, five counts of Attempted Murder in the First Degree, one count of Criminal Use of a Firearm in the First Degree, two counts of Criminal Possession of a Weapon in the Third Degree, and one count of Reckless Endangerment in the First Degree.[1] For these offenses, Carrion was sentenced to a total prison term of 125 years to life.[2]

---

[1]  *See Carrion v. Smith*, 537 F. Supp. 2d 518, 525 (S.D.N.Y. 2008) (hereinafter the "Opinion and Order").

[2]  *See id.*

1

Carrion then filed a petition for a writ of habeas corpus, pursuant to section 2254 of title 28 of the United States Code, on the ground, *inter alia*, that he was denied his Sixth Amendment right to effective assistance of counsel. Carrion's habeas petition raised the following issues: (1) whether his attorney properly advised him of the sentence he faced if he were convicted at trial; (2) whether his attorney adequately dispelled his misguided belief that he had a viable legal defense to the criminal charges; and (3) whether counsel's advice regarding the advisability of the plea offer, under the circumstances, was sufficiently vigorous to ensure constitutionally adequate representation.[3]

This Court granted Carrion's petition and issued a Judgment, dated February 25, 2008, which accorded petitioner the relief set forth in the Opinion and Order.[4] The District Attorney of New York County (hereinafter "the State") now moves to stay enforcement of this Judgment pending the State's appeal to the Second Circuit. For the reasons set forth below, the State's request for a stay is granted.

---

[3] *See id.*

[4] The Opinion and Order directed the state court "to give Carrion the benefit of the original plea offer and re-sentence him accordingly." *Id.* at 533. Because the original plea offer was ten years to life, the state-court judge has considerable discretion in re-sentencing petitioner. *See id.*

2

## II. APPLICABLE LAW

Where a prisoner has successfully petitioned for a writ of habeas corpus and appellate review of his petition is pending, there is a strong presumption in favor of releasing him from confinement.[5] This presumption "may be overcome" if a request to stay the decision is made and "'stay factors' tip the balance against it."[6] The Supreme Court laid out these factors in *Hilton v. Braunskill*; they include the "traditional" stay factors that apply to all civil cases, as well as factors that are unique to the habeas context.[7]

The traditional criteria regulating whether a stay of a district court decision should be granted pending appeal are: (1) likelihood of appellant's success on the merits; (2) irreparable injury to the party requesting a stay if a stay is not issued; (3) substantial injury to the party opposing the stay if a stay is

---

[5] *See* Fed. R. App. P. 23(c) ("Pending review of a decision ordering the release of a prisoner in such a proceeding, the prisoner shall be enlarged upon his own recognizance, with or without surety, unless the court or justice or judge rendering the decision, or the court of appeals or the Supreme Court, or a judge or justice of either court shall otherwise order."); *Hilton v. Braunskill*, 481 U.S. 770, 774 (1987) ("Rule 23(c) undoubtedly creates a presumption of release from custody in [habeas] cases.").

[6] *Hilton*, 481 U.S. at 777.

[7] *Id.* at 776-77.

3

issued; and (4) the public interests that may be affected.[8]

The *Hilton* Court acknowledged the chameleon-like quality of these factors, noting that they will necessarily vary from case to case: "Since the traditional stay factors contemplate individualized judgments in each case, the formula cannot be reduced to a rigid set of rules."[9] For example, where a request is made to stay the granting of habeas relief, the following considerations should also be taken into account:

> the possibility of flight should be taken into consideration. . . . [I]f the State establishes that there is a risk that the prisoner will pose a danger to the public if released, the court may take that factor into consideration in determining whether or not to enlarge him. The State's interest in continuing custody and rehabilitation pending a final determination of the case on appeal is also a factor to be considered; it will be strongest where the remaining portion of the sentence to be served is long, and weakest where there is little of the sentence remaining to be served.[10]

Finally, the Second Circuit has endorsed a sliding scale approach to weighing the first traditional factor.[11] In considering whether a party requesting a

---

[8] *See Mohammed v. Reno*, 309 F.3d 95, 100 (2d Cir. 2002) (citing *Hilton*, 481 U.S. at 776).

[9] 481 U.S. at 777.

[10] *Id.*

[11] *See Mohammed*, 309 F.3d at 101.

4

stay is likely to succeed on the merits, "[t]he necessary 'level' or 'degree' of possibility of success will vary according to the court's assessment of the other [stay] factors."[12] In other words, if enough factors weigh in favor of a stay, a stay may be appropriate even where the party requesting it has failed to demonstrate a likelihood of success on the merits. "Simply stated, more of one excuses less of the other."[13]

## III. DISCUSSION

### A. Likelihood of Success on the Merits

Carrion's habeas petition presented a close question for this Court. In granting the petition, I rejected the magistrate judge's thorough Report and Recommendation which recommended that the petition be denied. The State is as likely to succeed on appeal as is the petitioner. Accordingly, the State has shown a "substantial case on the merits."[14] Moreover, aside from the likelihood of success on appeal, a stay is warranted here because other factors weigh heavily in

---

[12] *Id.* (quotation marks and citation omitted). *Accord Washington Metro. Area Transit Comm'n v. Holiday Tours Inc.*, 559 F.2d 841, 843 (D.C. Cir. 1977).

[13] *Mohammed*, 309 F.3d at 101 (citation and quotation marks omitted).

[14] *Hilton*, 481 U.S. at 778.

5

favor thereof.[15]

### B. Interest in Continued Custody

Another factor weighing in favor of a stay is the State's interest in Carrion's continued confinement. The strength of this interest lies not in any danger of additional violence or likelihood of flight, but in the length of his remaining sentence. Carrion was sentenced to 125 years to life. Assuming he serves the minimum sentence, Carrion still has many more years left in custody. In itself, the sheer length of his remaining sentence militates against releasing him while his appeal is pending.[16]

### C. Other Factors

The remaining traditional factors also weigh in favor of issuing a stay in this case. There may well be irreparable injury to the State if a stay is not issued. Permitting petitioner to plead guilty and be re-sentenced while the federal

---

[15] *See Mohammed*, 309 F.3d at 101 (noting that a stay may issue "where the likelihood of success is not high but the balance of hardships favors the applicant," or where "[t]he probability of success is inversely proportional to the amount of irreparable injury plaintiff[ ] will suffer absent the stay") (citations omitted).

[16] *See Hilton*, 481 U.S. at 777 ("The State's interest in continuing custody and rehabilitation pending a final determination of the case on appeal is also a factor to be considered; it will be strongest where the remaining portion of the sentence to be served is long, and weakest where there is little of the sentence remaining to be served.").

appeal is pending could impose substantial, and possibly unnecessary, costs upon the State. A lesser sentence would likely trigger petitioner's removal from the United States. Petitioner is a citizen of the Dominican Republic. On April 9, 2002, a removal order was issued. Therefore, if petitioner is released on parole and deported, the State would have to incur considerable expense to secure his return should the State prevail on appeal.

Nor is there any indication that granting a stay will cause Carrion substantial harm. In all likelihood, upon Carrion's release from state custody, he will be detained by federal immigration authorities for a substantial period of time before he is deported. Thus, he will still be in custody, albeit in a different, and perhaps less favorable, venue while his case remains on appeal. If, on the other hand, Carrion is deported while his case is pending, there is a risk of flight from further reincarceration should the State prevail. The United States has only a limited extradition treaty with the Dominican Republic. It is therefore very difficult and costly, and sometimes impossible, to extradite a Dominican national. Finally, there is a strong public interest in not having the sentence of a violent felon, imposed in accordance with state law, modified by the actions of a federal district court until the Second Circuit has had an opportunity to address the constitutional challenge presented on appeal.

7

## IV. CONCLUSION

For the reasons set forth above, the State's motion to stay this Court's February 25, 2008 Judgment is granted. The Clerk of the Court is directed to close this motion [Docket No. # 50].

SO ORDERED:

Shira A. Scheindlin
U.S.D.J.

Dated: New York, New York
July 2, 2008

## - APPEARANCES -

**For Petitioner:**

Marjorie M. Smith, Esq.
Attorney at Law
P.O. Box 234
Piermont, New York 10968
(845) 365-6335

**For Respondent:**

Mary C. Farrington
Assistant District Attorney
New York County
One Hogan Place
New York, New York 10013
(212) 335-9000